UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LLOYD ANTHONY DAVIS,

    Plaintiff,

v.                                          Case No.  4:24-cv-190-MW-MJF

FRANKLIN CORRECTIONAL
INSTITUTION, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that this case be dismissed because Plaintiff failed to comply with two court orders and failed to prosecute this action.

### I. Background

Plaintiff, a Florida prisoner proceeding *pro se*, filed this lawsuit on April 18, 2024. Doc. 1. Plaintiff's complaint was not accompanied by the filing fee or a motion for leave to proceed *in forma pauperis*. *See* N.D. Fla. Loc. R. 5.3 ("A party who files or removes a civil case must simultaneously

either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915.").

On May 6, 2024, the undersigned ordered Plaintiff to (1) file an application for leave to proceed *in forma pauperis*, (2) pay the $405.00 filing fee, or (3) file a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Doc. 7. The undersigned imposed a compliance deadline of June 5, 2024, and warned Plaintiff that failure to comply with the order likely would result in this case being dismissed. *Id.* at 4.

To date, Plaintiff has not complied with the order dated May 6, 2024, and has not responded to the 14-day show-cause order entered on August 1, 2024. *See* Doc. 8.[1]

## II. DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted);

---

[1] A copy of the show-cause order was re-mailed to Plaintiff on August 29, 2024. *See* Doc. 9.

N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Plaintiff has failed to comply with two court orders. Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

### III. CONCLUSION

Because Plaintiff failed to comply with court orders and failed to prosecute this action, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to comply with court orders.

2. The clerk of court be directed to close this case file.

At Panama City, Florida, this 20th day of September, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only.**</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**